UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN MAKAREVICH, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | Civil Action No. 1:25-cv-12234-IT |
| * | |
| KARDASHIAN/JENNER FAMILY, * | |
| * | |
| Defendants. * | |

ORDER OF DISMISSAL

On January 23, 2026, the court entered an Order to Show Cause [Doc. No. 13] directing Plaintiff Ellen Makarevich, who is proceeding pro se, (1) to provide any legal basis to treat "Kardashian/Jenner family" as an individual and (2) to show cause for the failure to serve that individual. Id. at 3.

In response, as to the legal basis to treat "Kardashian/Jenner family" as an individual, Plaintiff sets forth a string of assertions, citing "Microsoft Copilot, January 23, 2026." Pl.'s Resp. to Order to Show Cause and Mot. to Extend Time for Service Under Rule 4(m) ECF 2 ("Pl.'s Resp.") [Doc. No. 15]. This response fails to provide a legally cognizable basis to treat "Kardashian/Jenner family" as an individual. And where there is no legally cognizable basis to treat "Kardashian/Jenner family" as a legal entity, the failure to serve that defendant is moot, the complaint is subject to DISMISSAL, and Plaintiff's request for additional time for service is DENIED.

As the court's Order to Show Cause [Doc. No. 13] noted, dismissal under Fed. R. Civ. P. 4(m) is without prejudice. Id. at 3. Plaintiff has asserted that "dismissal would only require Plaintiff to refile the complaint, burdening both the Court and the parties with duplicative proceedings." Pl.'s Resp. ECF 4 [Doc. No. 15]. The court cautions Plaintiff, however, that her

filings must comply with Fed. R. Civ. P. 11, which requires, among other things, that by filing a pleading or motion, an attorney or unrepresented party:

> certifies to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, as specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). Plaintiff's legal claim that she may proceed against the "Kardashian/Jenner family" as an individual, and her factual assertions, such as that she was prevented from completing service because she was "waiting for the black box to disappear, a distraction initiated by the Defendant's conduct" or that the Defendant "has the capability to observe the Plaintiff's surroundings and overhear the Plaintiff's conversations, establishing a one-sided telepathic or energetic connection focused exclusively on the Plaintiff[,]" Pl.'s Resp. ECF 2–3 [Doc. No. 15], fail to satisfy the requirements of Rule 11(b), and may well result in sanctions if reasserted. See Fed. R. Civ. P. 11(c).

Accordingly, Plaintiff's request for additional time to complete service is DENIED and this action is DISMISSED pursuant to Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

February 9, 2026                    /s/ Indira Talwani
                                                United States District Judge